# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LATONYA GAITER, | ) | Case No. 1:25-cv-1728 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Reuben J. Sheperd |
| | ) | |
| CLEVELAND HEIGHTS– | ) | |
| UNIVERSITY HEIGHTS BOARD | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

After she was sexually assaulted by a student in the school district where she teaches, Plaintiff Latonya Gaiter filed suit against Defendant Cleveland Heights–University Heights Board of Education. Defendant moves to dismiss. For the reasons that follow, the Court **GRANTS IN PART** Defendant's motion.

## STATEMENT OF FACTS

Taking the facts alleged in the complaint as true and construing them in Plaintiff's favor, as the non-moving party, Plaintiff bases her claims on the following facts.

Ms. Gaiter has worked for Cleveland Heights-University Heights as a teacher since 2012. (ECF No. 1-1, ¶ 5, PageID #6.) She alleges that she was sexually assaulted on March 6, 2023 and reported the assault to her supervisor on the same day. (*Id.*, ¶¶ 6 & 7, PageID #6.) The student was "convicted of a sexual assault offense" in juvenile court. (*Id.*, ¶ 7, PageID #6.)

Plaintiff alleges that Defendant "failed to take appropriate remedial measures to protect Plaintiff or discipline the student, demonstrating deliberate indifference to Plaintiff's rights under Title IX." (*Id.*, ¶ 8, PageID #6–7.) Ms. Gaiter received medical and psychological treatment. (*Id.*, ¶ 9, PageID #7.) She alleges that "her medical provider. . . certified that she was disabled from work from March 6, 2023 through March 6, 2025." (*Id.*) Since March 6, 2023, she alleges that she has not been paid, resulting in "financial hardship, inability to meet basic expenses, and severe emotional distress." (*Id.*, ¶ 10, PageID #7.)

Ms. Gaiter submitted a written incident report, a medical certification, and a worker's compensation claim. (*Id.*, ¶ 11, PageID #7.) She requested assault leave under State law and the parties' collective bargaining agreement. (*Id.*, ¶ 12.) The Cleveland Heights–University Heights Board of Education denied Ms. Gaiter's request. (*Id.*, ¶ 13.) Plaintiff does not plead the date of the Board's denial. The Board charged Ms. Gaiter's absences against sick leave, allegedly "depriving her of statutory and contractual benefits and ultimately terminating her pay entirely." (*Id.*, ¶ 14.) Plaintiff alleges that she exhausted all administrative remedies available under the grievance procedures of the collective bargaining agreement. (*Id.*, ¶ 15.)

## STATEMENT OF THE CASE

Plaintiff sued Cleveland Heights–University Heights Board of Education in State court, asserting three causes of action: (1) violation of Section 3319.143 of the Ohio Revised Code for the denial of assault leave; (2) breach of contract; and (3)

2

violation of Title IX.  (*Id.*, PageID #8–9.)  Defendant timely removed the action to federal court.  (ECF No. 1.)  Defendant moves to dismiss.  (ECF No. 3.)

## ANALYSIS

Under Rule 12(b)(6), a court may dismiss a complaint if it fails to state a claim on which it may grant relief.  Fed. R. Civ. P. 12(b)(6).  A motion under Rule 12(b)(6) tests "the plaintiff's cause of action as stated in the complaint" and is "not a challenge to the plaintiff's factual allegations."  *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005).  A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  To survive a motion to dismiss, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible liability."  *Twombly*, 550 U.S. at 555, 557 n.5.

When analyzing a complaint under this standard, the Court construes factual allegations in the light most favorable to the plaintiff, accepts them as true, and draws all reasonable inferences in the plaintiff's favor.  *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015).  But a pleading must offer more than mere "labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Nor is a

3

court required to accept "[c]onclusory allegations or legal conclusions masquerading as factual allegations[.]" *Eidson v. Tennessee Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

Therefore, the Court must distinguish between "well-pled factual allegations," which must be treated as true, and "naked assertions," which need not be. *Iqbal*, 556 U.S. at 678 (cleaned up); *see also, e.g., Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 375 (6th Cir. 2011) (determining that because some of the plaintiff's factual allegations were "not well-pleaded," "their conclusory nature 'disentitles them to the presumption of truth'"). A plaintiff need not include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

## I.      Title IX (Count 3)

Plaintiff alleges that the Cleveland Heights–University Heights Board of Education receives federal funding and is subject to Title IX. (ECF No. 1-1, ¶ 2, PageID #6.) That statute provides: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. § 1681(a). In its answer, Defendant "admits that it receives federal funding." (ECF No. 10, ¶ 2, PageID #213.)

4

Plaintiff's Title IX claim for deliberate indifference to student-on-teacher harassment presents a question of first impression. (ECF No. 1-1, ¶¶ 22–25, PageID #8–9.)  On its face, it does not appear that the statute sweeps as far as offering workplace protections to teachers—at least not without an allegation that an actual or constructive adverse workplace action affects the availability of or a student's participation in an education program.  After all, the statute aims at providing equal educational opportunities based on sex, and other statutes offer protections in the workplace.  Assuming, without deciding, that Title IX covers a claim of the type at issue here, the question becomes what standard applies.

It could be the standard for student-on-student harassment under Title IX.  In *Kollaritsch v. Michigan State University Board of Trustees*, 944 F.3d 613, 623–24 (6th Cir. 2019), the Sixth Circuit held that a claim of deliberate indifference to student-on-student harassment requires a plaintiff to plead "an incident of actionable sexual harassment, the school's actual knowledge of it, [and] some further incident of actionable sexual harassment."  Under this standard, "the further actionable harassment would not have happened but for the objective unreasonableness (deliberate indifference) of the school's response, and . . . the Title IX injury is attributable to the post-actual-knowledge further harassments."  Additionally, "peer harassment under Title IX, require[s] plaintiffs in that context to demonstrate that the harassment suffered was 'so severe, pervasive, and objectively offensive that it denies its victims the equal access to education that Title IX is designed to protect."

5

*Wamer v. Univ. of Toledo*, 27 F.4th 461, 468 (6th Cir. 2022) (quoting *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 652 (1999)).

Or the standard for teacher-on-student harassment under Title IX might apply. Under this standard, a plaintiff must plead that "(1) she was sexually harassed by a teacher or professor, (2) an official with authority to take corrective action had actual notice of the harassment, (3) the school's response was clearly unreasonable, and (4) the school's deliberate indifference caused her to suffer discrimination." *Wamer*, 27 F.4th at 471; *see also id.*, at 469 (stating that *Kollaritsch* did not apply the post-notice harassment requirement to teacher-on-student harassment claims, finding that the court "used careful language specifically cabining its holding to the context of student-on-student sexual harassment claims.").

Possibly, some other standard applies. But for purposes of analyzing Defendant's motion to dismiss, the Court assumes that, if the statute permits Plaintiff to state a claim on the facts alleged, the most liberal standard applies. Of the available options, that is the standard for teacher-on-student harassment. Plaintiff's complaint fails to meet even that low bar.

### I.A     Sexual Assault

A plaintiff seeking to establish a deliberate indifference claim based on teacher-on-student harassment must allege sexual harassment. *Wamer*, 27 F.4th at 471. Plaintiff alleges that she was sexually assaulted by a student (ECF No. 1-1, ¶ 6, PageID #6) and that the student "was convicted of a sexual assault offense in" juvenile court. (*Id.*, ¶ 7, PageID #6.) Accordingly, Plaintiff pleads the first element of her Title IX claim.

6

**I.B.    Actual Notice**

Next, a plaintiff must allege that an official with authority to take corrective action had actual notice of the harassment.  *Wamer*, 27 F.4th at 471.  "Only when an appropriate person at a school knows about sexual discrimination does the school have actual knowledge."  *Kesterson v. Kent State Univ.*, 967 F.3d 519, 527 (citations omitted).  "An appropriate person is someone who 'at a minimum has authority to address the alleged discrimination . . . on the [school's] behalf."  *Id.* (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)).  Further, an appropriate person must be "high enough up the chain-of-command" that her decision constitutes the school's decision.  *Id.*, at 529.  "[A] university employee's ability to mitigate hardship or refer complaints does not make that employee an 'appropriate person.'"  *Id.* at 528.  To establish actual notice at the motion to dismiss stage, a plaintiff must "allege (1) the identity of an appropriate person, namely someone who has authority to address the alleged discrimination on the school's behalf and (2) the actual notice was sufficient to alert the appropriate person of the possibility of [p]laintiff's sexual harassment."  *Chapman v. Seuffert*, 713 F. Supp. 3d 425, 435 (N.D. Ohio 2024) (citations omitted).

Even construing the complaint in Plaintiff's favor, Plaintiff fails to allege that an appropriate person with the authority to take corrective action on behalf of the school district had actual notice of the harassment.  Plaintiff alleges that she reported the sexual assault to her "supervisor."  (ECF No. 1-1, ¶ 7, PageID #6.)  But the complaint fails to identify the supervisor or plead any facts regarding the supervisor's authority to address the sexual assault on behalf of the Board of Education.  It alleges

7

only that Ms. Gaiter "immediately reported the assault to her supervisor on March 6, 2023, providing full details and requesting protective and remedial action."  (ECF No. 1-1, ¶ 7, PageID #6.)

Without citing any authority, Plaintiff argues that "the Sixth Circuit has made clear that the 'appropriate person' (who counts as an official with authority) is fact-intensive and cannot be reduced to magic words in the complaint."  (ECF No 17, PageID #246.)  Fair enough.  But no allegation in the complaint suggests, even by inference, that the supervisor to whom Ms. Gaiter reported the sexual assault was sufficiently high in the chain-of-command or, in turn, elevated her complaint to such a person to make the decisions challenged in this lawsuit those of the Board. Plaintiff's allegations fall short of this mark and fail to put Defendant on notice of the basic claim against which it must defend.

Plaintiff argues that she "alleged the key facts:  she reported the assault to her immediate supervisor in the school hierarchy, and the institution did nothing meaningful in response."  (ECF No. 17, PageID #248.)  Further, she maintains that "[i]t is entirely plausible that this supervisor either (1) had authority to act; or (2) relayed the information to someone who did.  That is enough at the pleading stage." (*Id.*)  "When deciding whether a complaint fails 'to state a claim upon which relief can be granted,' a court should typically limit itself to the well-pleaded allegations within the complaint's four corners."  *Blackwell v. Nocerini,*123 F.4th 479, 486 (6th Cir. 2024).  Those allegations do not include either of the matters that Plaintiff asks Defendant and the Court to assume.  Nor does the allegation, without more, give rise

to an inference that one of those things occurred. In fact, it is just as plausible that Ms. Gaiter failed to advise a person within the school district who had the authority to make decisions on its behalf or who failed to elevate it to such a person.

But the price for obtaining discovery is a well-pleaded complaint that complies with the basic requirements of Rule 8. "[A] plaintiff must state a plausible claim before she can invoke a right to discovery. In other words, a plaintiff can open the door to discovery only if she first alleges 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence'" of a Title IX violation. *Parker v. Landry*, 935 F.3d 9, 18 (1st Cir. 2019) (quoting *Twombly*, 550 U.S. at 556). Plaintiff fails to allege such facts. In many respects, the allegations in this case look like those in *Twombly*. There, the complaint alleged antitrust conspiracies. Because the allegations were alternatively consistent with either a conspiracy or lawful parallel conduct, the Supreme Court held that the complaint failed to meet the Rule 8 pleading standard because it did not make a showing of an entitlement to relief. 550 U.S. at 556–57. Without more, parallel conduct does not suggest a conspiracy, and a conclusory allegation of an agreement did not raise the right to relief above the speculative level. So too here. Without more, Plaintiff might have a claim under Title IX, assuming the statute applies, but alternatively the Board might have taken the actions complained of because the supervisor whom Ms. Gaiter advised of the sexual assault was not someone whose decisions are attributable to the Board or did not report the assault up the chain.

At bottom, the complaint fails to state a claim for a violation of Title IX. It is not clear that the statute contemplates a cause of action like the one Plaintiff brings. If it does, the standard for pleading such a claim is unsettled. But the complaint fails to meet the basic, unadorned Rule 8 standard for the second element of her Title IX claim. Therefore, the Court need not proceed further under whatever standard might apply and **GRANTS** Defendant's motion to dismiss Count 3.

## II. State-Law Claims (Counts 1 and 2)

Plaintiff brings two State-law claims against Defendant. (ECF No. 1-1, PageID #8.) The Court has supplemental jurisdiction over these State-law claims pursuant to 28 U.S.C. § 1367. Under federal law "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). This grant of jurisdiction brings all claims arising from a common nucleus of operative fact before the Court. *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 588 (6th Cir. 2016).

Even then, a court "may decline to exercise supplemental jurisdiction" in certain circumstances. 28 U.S.C. § 1367(c). Supplemental jurisdiction "is a doctrine of discretion." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). To determine whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also James v. Hampton*, 592 F. App'x 449, 462–63 (6th Cir. 2015) (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1882

10

(6th Cir. 1993)).  Section 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Because the Court dismisses Plaintiff's federal claim, the Court may, in its discretion, either retain jurisdiction over Plaintiff's State-law claims and proceed on the merits, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009), or decline jurisdiction and dismiss the complaint without prejudice to Plaintiff's right to pursue the remaining claims in State court.  *See* 28 U.S.C. § 1367(c)(3).  "[G]enerally 'when all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the [S]tate law claims."  *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 585 (6th Cir. 2011) (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)); *see also Juergensen v. Midland Funding, LLC*, No. 5:18-cv-1825, 2018 WL 5923707, at *2 (N.D. Ohio Nov. 13, 2018).

Based on its review of the record and because the case remains in its early stages, the Court declines to exercise its discretion to retain supplemental jurisdiction over Plaintiff's two State-law claims.  Therefore, the Court **DISMISSES** those claims **WITHOUT PREJUDICE**.

11

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's Title IX claim (Count 3) and **DECLINES** to exercise supplemental jurisdiction over Plaintiff's two State-law claims (Counts 1 and 2).  Based on this disposition, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for a preliminary injunction (ECF No. 5-1.)  Accordingly, the Court **REMANDS** the case to the Cuyahoga County Court of Common Pleas.

**SO ORDERED.**

Dated:  April 10, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio